UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH A. EVAN, | |
| Plaintiff | CIVIL ACTION NO. 3:20-CV-49 |
| v. | |
| POSTMASTER GENERAL LOUIS DEJOY et al., | (MEHALCHICK, M.J.) |
| Defendants | |

**ORDER**

This is a *pro se* civil rights action, initiated upon the filing of the original fee-paid complaint in this matter by Plaintiff Deborah A. Evan ("Evan") on January 10, 2020, asserting claims against Defendants Postmaster General Louis DeJoy and Eric Wanyo (collectively, "Defendants"). On September 17, 2020, Evan filed a supplement[1] to her complaint.[2] (Doc. 11). Presently before the Court is Defendants' motion to dismiss and/or

---

[1] Evan filed a supplement to the amended complaint on September 17, 2020. (Doc. 11). Federal Rule of Civil Procedure 15(d) allows a party to file and serve a supplemental pleading with leave of the court. Evan failed to file a motion requesting leave prior to the supplemental pleading being filed. Therefore, any claims raised in the supplement pleading cannot be considered and are dismissed. *Stockton v. McGinley*, No. 1:22-CV-00902, 2023 WL 27346, at *5 (M.D. Pa. Jan. 3, 2023) (dismissing claims raised in plaintiff's supplemental pleading where plaintiff failed to file a motion requesting leave prior to filing supplement).

[2] When Evan initially filed her complaint, Megan J. Brennan was the Postmaster General for the United States Postal Service. (Doc. 22, at 1). Evan, instead, served Louis DeJoy, the current Postmaster General of the United States Postal Service. (Doc. 13; Doc. 22, at 1). Therefore, the Defendants are now Postmaster General Louis DeJoy ("DeJoy") and Eric Wanyo ("Defendants").

motion for summary judgment. (Doc. 41). On July 19, 2021, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 29). For the following reasons, Defendants' motion shall be **GRANTED**. (Doc. 41).

I.     BACKGROUND AND PROCEDURAL HISTORY

Evan, a United Stated Postal Service (USPS) employee, filed this employment discrimination case on January 10, 2022, alleging her supervisor, Wayno, subjected her to various work conditions. (Doc. 1, at 11). Specifically, Evan alleges that on July 15, 2019, Wanyo spoke unprofessionally to Evan, argued with Evan and badgered and stalked her on multiple occasions. (Doc. 1, at 3-4). Evan also alleges that Wayno told her that he "wasn't her personal assistant," sent Wayno home without pay, and disapproved her Family and Medical Leave Act (FMLA) leave. (Doc. 1, at 3-4). Evan alleges that she has been diagnosed with midsternal chest pain, anxiety, depression, and stress. (Doc. 1, at 4). Evan seeks compensatory damages and the FMLA leave returned to her. (Doc. 1, at 5). Liberally construed, Evan's complaint alleges a cause of action for harassment and hostile work environment under Title VII of the Civil Rights act of 1964 ("Title VII"). (Doc. 1).

Defendants filed a motion to dismiss or, in the alternative, for summary judgment on May 9, 2022, and a brief in support of their motion to dismiss on June 6, 2022, along with a corresponding statement of facts. (Doc. 41; Doc. 44; Doc. 45). On June 9, 2022, Evan filed a motion for entry of default and a motion for default judgment. (Doc. 46; Doc. 47). On February 24, 2023, the Court denied Evan' motion for entry of default and/or default judgment and ordered Evan to file her brief in opposition to Defendants' motion to dismiss

and/or motion for summary judgment (Doc. 41) on or before Friday, March 3, 2023. (Doc. 52).

On March 14, 2023, Evan filed a brief in opposition to Defendants' motion to dismiss and/or motion for summary judgment, and Defendants filed a reply brief to Evan's motion on that same day.[3] (Doc. 53; Doc. 54). The motion has been fully briefed and is ripe for disposition. (Doc. 41).

## II.    LEGAL STANDARD

Defendants framed this motion as one seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 based on Evan's failure to exhaust. (Doc. 41). When a party moves to dismiss, but where "matters outside the pleadings are presented to and not excluded by the court, the motions shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Typically, when a court converts a motion to dismiss into a motion for summary judgment under Rule 56, notice must be given to all parties of the court's intent to do so. *Garcia v. Newtown Twp.*, No. 09-CV-3809, 2010 WL 785808, at *3 (E.D. Pa. March 5, 2010). However, if a motion to dismiss has been filed with an alternative request for

---

[3] Pursuant to Pa. M.D. Local Rule 7.6, Evan had until March 3, 2023, to file a response to Defendants' motion to dismiss and/or for summary judgment. Her March 14, 2023, submission is untimely and without leave of Court. Nonetheless, given Evan's *pro se* status, the Court will consider her brief in opposition. *Morales v. Stanton*, No. 3:18-CV-0852, 2020 WL 5215132, at *1 (M.D. Pa. Sept. 1, 2020) (considering *pro se* plaintiff's untimely submission). Furthermore, because Evan has not filed a response to Defendants' statement of material facts, the Court deems admitted the facts submitted by the Defendants. *See* Fed. R. Civ. P. 56(e); *see also* Pa. M.D. Local Rule 56.1.

summary judgment, the Court of Appeals for the Third Circuit has found that the alternative filing is sufficient to "place the parties on notice that summary judgment might be entered." *Latham v. United States*, 306 F. App'x 716, 718 (3d Cir. 2009) (citing *Hilfirty v. Shipman*, 91 F.3d 573, 578-79 (3d Cir. 1996)). Accordingly, the Court finds that it is appropriate to treat Defendants' motion as one for summary judgment.

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249.

Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

"Although the party opposing summary judgment is entitled to the 'benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact.' " *Velentzas v. U.S.*, No. 4: 07-CV-1255, 2010 WL 3896192, at *7 (M.D. Pa. Aug. 31, 2010) (quoting *Goode v. Nash*, 241 F. App'x 868, 869 (3d Cir. 2007) (citation omitted); *see also Beenick v. LeFebvre*, 684 F. App'x 200, 206 (3d Cir. 2017) (stating the purpose of requiring parties to cite to particular parts of the record in their briefs about a motion for summary judgment is to "assist the court in locating materials buried in a voluminous record") (quoting Fed. R. Civ. P. 56(c)(1)(A)). The opposing party "cannot rest solely on assertions made in the pleadings, legal memorandum, or oral argument." *Velentzas*, 2010 WL 3896192, at *7 (quoting *Goode*, 241 F. App'x at 868). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jakimas v. Hoffmann–La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III.  DISCUSSION

Defendants move to dismiss Evan's complaint on three grounds, arguing: 1) the Court should dismiss Eric Wanyo as a Defendant as the only proper defendant in a federal employee's Title VII action is the head of the appropriate agency; 2) Evan's discrimination

claims should be dismissed because she failed to exhaust her administrative remedies; and 3) Evan's complaint failed to state a claim for relief. (Doc. 44, at 2).

In opposition, Evan "opposes the motion and brief filed by the defendant for lack of evidence no merit to support their evidence." (Doc. 53, at 1). Evan failed to oppose any issues raised. (Doc. 53, at 1-4). Rather, Evan reiterated the facts in her complaint and supplement. (Doc, 53, at 2-4).

## A. THE POSTMASTER GENERAL IS THE ONLY PROPER DEFENDANT

Defendants argue the only proper defendant in Evan's Title VII action is the Postmaster General under 42 U.S.C. 2000e-16 and that the Court should dismiss Defendant Wanyo from the lawsuit. (Doc. 44, at 2-3).

On the outset, for federal employment discrimination actions brought under Title VII "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. 2000e-16(c). *Wilson v. Potter*, 159 F. Appx. 415, 417(3d Cir. 2005); *Appleby v. Brennan*, No. 1:16-CV-1491, 2018 WL 7443130, at *9 (M.D. Pa. Dec. 18, 2018), *report and recommendation adopted*, No. 1:16-CV-1491, 2019 WL 913810 (M.D. Pa. Feb. 25, 2019) (affirming the District Court's dismissal of the agency and all Postal Service employees other than the Postmaster General in multifarious discrimination claim including disability discrimination).

For these reasons, the Court will dismiss any claims against Defendant Wayno with prejudice.

## B. EEOC EXHAUSTION

A plaintiff must exhaust all required administrative remedies before filing an action for employment discrimination under Title VII, the ADEA and the ADA. *Mandel v. M & Q*

*Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)); *Purtill v. Harris,* 658 F.2d 134, 138–39 (3d Cir. 1981); *Churchill v. Star Enters.*, 183 F.3d 184, 190 (3d Cir. 1999). To exhaust, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive a right-to-sue letter. *Mandel v. M & Q Packaging Corp*., 706 F.3d 157, 163 (3d Cir. 2013). Like a statute of limitations, a failure to exhaust administrative remedies is an affirmative defense. *Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (citing *Robinson,* 107 F.3d at 1021, 1022). Defendants argue allegations supporting Evan's harassment claims based upon sex, retaliation, and disability stated in paragraphs two through 12 of the complaint are time-barred and subject to dismissal for failing to timely appeal the EEOC decision to the Office of Federal Operations ("OFO"). (Doc. 44, at 9-10).

Evan alleges that on July 15, 2019, Wanyo spoke unprofessionally to her and badgered and stalked her on multiple occasions. (Doc. 1, at 3-4). Evan also alleges that Wayno told her that he "wasn't her personal assistant," sent her home without pay, and disapproved her FMLA leave. (Doc. 1, at 3-4). Identical allegations were stated in the EEOC matter for agency case number 4C-170-0086-18. (Doc. 45-1, at 32-33). On July 24, 2019, a final agency decision was issued, informing Evan that she was required to file her "appeal within 30 calendar days of receipt this decision." (Doc. 45, ¶¶ 9-11); (Doc. 45-1, at 1-2, 63-64). On August 29, 2019, Evan filed an appeal. (Doc. 45, ¶ 13); (Doc. 45-1, at 69). The OFO dismissed Evan's appeal as untimely. (Doc. 45, ¶ 15); (Doc. 45-1, at 70).

The Court finds Evan failed to timely to timely exhaust her administrative remedies in connection with her appeal to the Commission. *Brown v. GSA*, 425 U.S. 820, 829-834 (1976) (dismissal upheld where the complainant did not file judicial complaint within 30 days

of the final agency action as required by 42 U.S.C. § 2000e–16(c)). Here, Evan failed to file a timely appeal of the Board's July 24, 2019, decision because she did not file her administrative appeal with the EEOC within the thirty-day period prescribed by EEOC regulations. (Doc. 45-1, at 70). Nor did she file this civil action in federal court within ninety days of the receipt of the Final Agency Decision. (Doc. 1).

After a plaintiff receives a Final Agency Decision, he may appeal the decision to the EEOC within 30 days of receipt, *see* 29 C.F.R. §§ 1614.401(a), 1614.402(a), and then file a civil action in the district court within ninety days of receipt of the EEOC's final decision of an appeal. *See* 29 C.F.R. § 1614.407. These deadlines function as a statute of limitations, and once expired, generally bar a plaintiff from seeking judicial review. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Winder v. Postmaster Gen. of U.S.*, 528 F. App'x 253, 255 (3d Cir. 2013) (noting that the failure to bring a claim within the EEO limitations period generally bars relief).

In this case, more than ninety days elapsed between Evan's receipt of the Final Agency Decision and her filing of this complaint. (Doc. 1). Furthermore, Evan did not file a timely administrative appeal with the EEOC. (Doc. 45-1, at 69). To be timely filed with the EEOC, an administrative appeal of the Final Agency Decision must be postmarked within thirty days of receipt of the decision. 29 CFR § 1614.402. Evan filed an appeal with the EEOC on August 29, 2019, one day later than the 30-day time limit set forth in the EEOC regulation. (Doc. 45-1, at 69-71).

Additionally, Evan has failed to state any equitable reason for disregarding the statutory requirement. (Doc. 1); (Doc. 53); *Lewis v. DeJoy*, No. 1:21-CV-195, 2021 WL 4317992, at *5 (M.D. Pa. Sept. 23, 2021), *aff'd sub nom. Lewis v. Postmaster Gen. of United States*,

No. 21-2958, 2022 WL 109007 (3d Cir. Jan. 12, 2022) (dismissing plaintiff's disability and employment discrimination case where plaintiff failed to make a showing of the type of an extraordinary circumstance necessary to warrant tolling of the limitations); *Green v. Postmaster Gen. of U.S.*, 437 F. App'x 174, 178 (3d Cir. 2011) (concluding plaintiff was not entitled to equitable tolling despite allegations that during the period for initiating an action with the EEO, she was severely depressed).

Accordingly, the Court must dismiss Evan's claims under Title VII for failure to exhaust administrative remedies. *Brown*, 425 U.S. at 829–834 (dismissal upheld where the complainant did not file judicial complaint within 30 days of the final agency action as required by 42 U.S.C. § 2000e–16(c)); *Miller v. Rosenker*, 578 F. Supp. 2d 67, 71 (D.D.C. 2008) (finding plaintiff failed to exhaust her administrative remedies because he did not file his administrative appeal with the EEOC within the thirty-day period prescribed by EEOC regulations).

### C. Title VII Claims

In the alternative, Defendants argue that Evan's complaint fails state a claim upon which relief can be granted. (Doc. 44, at 12). Specifically, Defendants aver the allegations contained in Evan's complaint fail to state a claim for age, sex, and disability discrimination and retaliation under Title VII, the Age Discrimination in Employment Act 1967, 29 U.S.C.

§§ 621-634 ("ADEA") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117.[4]

Evan alleges that Wanyo, her supervisor, harassed her on several occasions during July and August of 2018. (Doc. 1, at 3-4). The creation of a hostile work environment through harassment, this Court has long recognized, is a form of proscribed discrimination. *Vance v. Ball State University*, 570 U.S. 421, 452 (2013). "To succeed on a hostile work environment claim [against the employer], the plaintiff must establish that 1) the employee suffered intentional discrimination because of [his protected characteristic], 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Stroud v. Susquehanna Cty.*, No. CV 3:17-2183, 2018 WL 3727388, at *7 (M.D. Pa. Aug. 6, 2018); *Mandel*, 706 F.3d at 167.

---

[4] As stated, Defendants argue Evan's complaint does not state a claim for relief under the ADA or ADEA. (Doc. 44, at 12-13). However, Evan's complaint does not reference the ADA or ADEA at all, and the Court declines to construe it to include an ADA or ADEA claim, as it alleges no facts at all that might support recovery under such a legal theory. *Reaves v. Rossman*, No. 3:21-CV-01282, 2022 WL 18539772, at *1 (M.D. Pa. July 1, 2022), *report and recommendation adopted*, No. 3:21-CV-1282, 2023 WL 1348508 (M.D. Pa. Jan. 31, 2023) (declining to construe plaintiff's complaint under the ADA, where complaint alleged no facts to support recovery under Act); *Rowbottom v. City of Harrisburg*, Civil Action No. 19-cv-00657, 2020 WL 6866262, at *4 (M.D. Pa. Jan. 23, 2020) ("[T]he review of a *pro se* complaint focuses on whether the facts alleged state a claim under *any legal theory*, not just those explicitly named in the complaint."), *report & recommendation adopted by* 2020 WL 4696714 (M.D. Pa. Aug. 13, 2020).

Evan alleges that she was harassed by Wanyo when he spoke unprofessionally to her and badgered and stalked her around the office on two occasions. (Doc. 1, ¶¶ 2, 4, 10). Evan alleges Wanyo called her a liar and told her he wasn't her personal assistant when she requested help. (Doc. 1, ¶¶ 3-4). Evan also alleges that Wanyo denied her FMLA sick leave. (Doc. 1, ¶ 10). Harassment is actionable under Title VII only if it is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment. Whether an environment is sufficiently hostile or abusive must be judged by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Eldeeb v. Potter*, 675 F. Supp. 2d 521, 523 (E.D. Pa. 2009); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 509 (2001).

An employer's liability for such harassment may depend on the status of the harasser. "The basis of an employer's liability for a hostile work environment claim depends on whether the harasser is the victim's supervisor or coworker." *Mandel*, 706 F.3d at 169 (citing *Huston*, 568 F.3d at 104 (3d Cir. 2009)). An employer is vicariously liable to a victimized employee "for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Hitchens v. Montgomery Cty.*, 278 F. App'x 233, 235–36 (3d Cir. 2008) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998)). If, on the other hand, "the person charged with creating the hostile environment is the plaintiff's co-worker, and not a supervisor, liability exists [only] where the [employer] knew or should have known of the harassment and failed to take prompt remedial action." *Hitchens*,

278 F. App'x at 236 (quoting *Kunin v. Sears Roebuck & Co.*, 175 F.3d 289, 293 (3d Cir. 1999)) (internal quotation marks omitted).

Here, Evan has not plausibly alleged that the harassment was "severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive." *Wright v. Providence Care Ctr.*, LLC, 822 F. App'x 85, 96 (3d Cir. 2020) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). The accused conduct must be "so severe or pervasive as to constitute an objective change in the conditions of employment." *Sanchez v. SunGard Availability Servs. LP*, 362 F. App'x 283, 287 (3d Cir. 2010) (citing *Faragher*, 524 U.S. at 787; *Greer v. Mondelez Global, Inc.*, 590 F. App'x. 170, 173 (3d Cir. 2014) ("'Mere offensive utterances' are insufficient to create a hostile environment, even if they engender offensive feelings in an employee") (quoting *Faragher*, 524 U.S. at 786) ("[T]he ordinary tribulations of the workplace," however, "such as the sporadic use of abusive language, gender-related jokes, and occasional teasing" cannot evidence a hostile work environment.) *Faragher*, 524 U.S. at 788.

Additionally, Evan's Title VII claims fail for the separate reason that she has not alleged that any harassment she suffered was discriminatory—*i.e.*, based on her gender or other protected characteristic. Though Evan details accounts of workplace disputes, Evan has not provided a basis to infer that any of the incidents occurred "because of" her gender or other protected characteristic. *Greer v. Mondelez Glob., Inc.*, 590 F. App'x 170, 173 (3d Cir. 2014). Thus, Evan's hostile work environment claim fails. *Greer*, 590 F. App'x at 173; *Shaw v. United States Postal Serv.*, No. CV 18-651, 2018 WL 5885900, at *6 (E.D. Pa. Nov. 9, 2018) (dismissing plaintiff's claims where plaintiff failed to allege that any of the workplace harassment she suffered was discriminatory).

Accordingly, Evan's Title VII claims will be dismissed.

## IV. LEAVE TO AMEND

The Third Circuit has instructed that district courts generally must permit a curative amendment if a complaint filed *pro se* is vulnerable to dismissal for failure to state a claim, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). However, the Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). As the Court lacks jurisdiction over Evan's claims, amendment would be futile.

## V. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss and/or motion for summary judgment be **GRANTED**. (Doc. 41).

Dated: March 20, 2023              *s/ Karoline Mehalchick*
                                   **KAROLINE MEHALCHICK**
                                   **Chief United States Magistrate Judge**