## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DEBORAH A. EVANS,

                Plaintiff,

    v.

POSTMASTER GENERAL LOUIS
DEJOY, et al.,

                Defendants.

CIVIL ACTION NO. 3:20-CV-00049

(MEHALCHICK, M.J.)

## MEMORANDUM

*Pro se* Plaintiff Deborah A. Evans ("Evans") commenced this employment discrimination action on January 10, 2020, asserting claims against Defendants Postmaster General Louis DeJoy and Eric Wanyo (collectively, "Defendants"). Before the Court is Evans' motion for reconsideration of the Court's Order dated March 20, 2023, by which the Court granted Defendants' motion to dismiss and for summary judgment and dismissed Evans' complaint. (Doc. 59). On July 19, 2021, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 29). For the following reasons, Evans' motion for reconsideration (Doc. 59) is **DENIED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

Evans, a United Stated Postal Service (USPS) employee, filed this employment discrimination case on January 10, 2022, alleging her supervisor, Wayno, subjected her to various work conditions. (Doc. 1, at 11). Specifically, Evans alleges that on July 15, 2019, Wanyo spoke unprofessionally to Evans, argued with Evans and badgered and stalked her on

multiple occasions. (Doc. 1, at 3-4). Evans also alleges that Wayno told her that he "wasn't her personal assistant," sent Wayno home without pay, and disapproved her Family and Medical Leave Act ("FMLA") leave. (Doc. 1, at 3-4). Evans alleges that she has been diagnosed with midsternal chest pain, anxiety, depression, and stress. (Doc. 1, at 4). Evans seeks compensatory damages and the FMLA leave returned to her. (Doc. 1, at 5). Liberally construed, Evans' complaint alleges a cause of action for harassment and hostile work environment under Title VII of the Civil Rights act of 1964 ("Title VII"). (Doc. 1).

Defendants filed a motion to dismiss or, in the alternative, for summary judgment on May 9, 2022, and a brief in support of their motion to dismiss on June 6, 2022, along with a corresponding statement of facts. (Doc. 41; Doc. 44; Doc. 45). On June 9, 2022, Evans filed a motion for entry of default and a motion for default judgment. (Doc. 46; Doc. 47). On February 24, 2023, the Court denied Evans' motion for entry of default and/or default judgment and ordered Evan to file her brief in opposition to Defendants' motion to dismiss and/or motion for summary judgment (Doc. 41) on or before Friday, March 3, 2023. (Doc. 52). On March 14, 2023, Evans filed a brief in opposition to Defendants' motion to dismiss and/or motion for summary judgment, and Defendants filed a reply brief to Evans' motion on that same day. (Doc. 53; Doc. 54).

On March 20, 2023, the Court granted Defendants' motion to dismiss and/or motion for summary judgment, dismissing this action, and the Clerk of Court entered judgment in favor of Defendants. (Doc. 55; Doc. 56; Doc. 57). On March 27, 2023, Evans filed a motion for leave to file a sur-reply brief in further response to Defendants motion to dismiss and/or

motion for summary judgment.[1] (Doc. 58). On April 7, 2023, Evans filed a motion for reconsideration of the Court's Order dated March 29, 2023. (Doc. 59).

## II.  STANDARD OF REVIEW

"A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D. Pa. 2002) (citation omitted); *see also* *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n. 3 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Thus, a judgment may be amended or altered if the party seeking reconsideration shows at least one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café*, 176 F.3d at 677 (citation omitted).

## III.  DISCUSSION

Evans' motion for reconsideration fails to meet the above-mentioned standard. Evans' request for reconsideration is premised on the contention that she has exhausted her administrative remedies. (Doc. 59, at 2). Specifically, Evans asserts that when she received notice of the appeals she could pursue, she chose her right to sue in federal court. (Doc. 59,

---

[1] Having ruled on Defendants' motion to dismiss and for summary judgment, Evans' motion for leave to file a sur-reply brief relating to Defendants' motion will be **DISMISSED** as **MOOT**. (Doc. 58).

at 2). Evans further states:

> I opposed the defendants motion to di[s]miss and/or summary judgment. I also oppose exhibit 2 from the defendants. The documents were received on July 29, 2019 and their decision and appeal rights are dated July 24, 2019. I requested a right to sue letter and I filed my case 180 days after, on January 10, 2020. In exhibit 3, they received my case on October 15, 2019 [] and my appeal rights are dated October 11, 2019.

(Doc. 59, at 2).

However, Evans does not allege an intervening change in the controlling law, the availability of new evidence that was not available when the Court granted the motion to dismiss and for summary judgment, the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677. Rather, Evans contends she has fully exhausted her administrative remedies because the Equal Employment Opportunity Commission ("EEOC")'s final agency decision is dated July 24, 2019, she received the decision on July 29, 2019, and filed her case within 180 days, on January 10, 2020. (Doc. 59, at 2). Evans also avers the Office of Federal Operations ("OFO") received her EEOC appeal on October 15, 2019, and her appeal rights are dated October 11, 2019. (Doc. 59, at 2).

Upon a careful and thorough review of Evans' arguments, the Court finds no grounds for granting Evans' motion for reconsideration here as neither the administrative appeal nor the civil complaint were timely. Evans failed to file a timely appeal of the Board's decision of July 24, 2019, because she did not file his administrative appeal with the EEOC within the thirty-day period prescribed by EEOC regulations. (Doc. 45-1, at 70). Nor did she file this civil action in federal court within ninety days of the receipt of the Final Agency Decision. (Doc. 1).

After a plaintiff receives a final agency decision, she may appeal the decision by filing a civil action in federal court only if she follows one of the two options available under the

applicable regulation: (1) file a civil action no more than ninety days after she receives the Final Agency decision; or (2) timely file an administrative appeal with the EEOC and, if more than 180 days pass without a decision on that appeal, file a civil action in federal court. 29 C.F.R. § 1614.407; *Lewis v. DeJoy*, No. 1:21-CV-195, 2021 WL 4317992, at *3 (M.D. Pa. Sept. 23, 2021), *aff'd sub nom. Lewis v. Postmaster Gen. of United States*, No. 21-2958, 2022 WL 109007 (3d Cir. Jan. 12, 2022) ("a former federal employee must bring an action in federal court within 90 days of receipt of notice of final agency action or after 180 days from the date of filing a complaint when no decision has yet been reached"). If a plaintiff misses both deadlines, her complaint is time-barred and subject to dismissal. Here, for Evans to have timely filed her claim in Federal court, her administrative appeal with the EEOC must have been timely filed.

In this case, more than 90 days elapsed between Evans' receipt of the Final Agency Decision dated July, 29, 2019, and her filing of this complaint, on January 10, 2020. Therefore, Evans did not file a timely administrative appeal with the EEOC. To be timely filed with the EEOC, an administrative appeal of the Final Agency Decision must be postmarked within thirty days of receipt of the decision. 29 CFR § 1614.402. Evans filed an appeal with the EEOC on August 29, 2019, one day later than the 30-day time limit set forth in the EEOC regulation. (Doc. 45-1, at 69-71). Her appeal was dismissed as untimely. (Doc. 45-1, at 70). Barring any equitable considerations, Evans' complaint must be dismissed for failing to comply with the Title VII deadlines.

Accordingly, Evans' motion for reconsideration is DENIED.

**IV.**    **CONCLUSION**

For the foregoing reasons, Evans' motion for reconsideration (Doc. 59) is **DENIED**.

In addition, Evans' motion for leave to file a sur-reply brief (Doc. 58) is **DISMISSED** as

**MOOT**.

An appropriate Order will follow.

BY THE COURT:

Dated: October 30, 2023          *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**Chief United States Magistrate Judge**